UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN CASSARINO,

    Plaintiff,

vs.                              Case No.:

BAYVIEW LOAN SERVICING, LLC.,
EQUIFAX INFORMATION SERVICES, LLC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
NATIONSTAR MORTGAGE, LLC, and
TRANS UNION, LLC.,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JOHN S. CASSARINO (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act) as set forth below.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 et seq.

3. The Plaintiff is a natural person and resident of Pembroke Pines, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c). All conduct complained of occurred in Broward County, Florida within the venue and jurisdiction of this Court.

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is a corporation incorporated under the laws of the State of California who conducts business throughout the United States of America.

1

5. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TRANS UNION, LLC ("TRANS UNION") is a corporation incorporated under the laws of the State of Illinois who conducts business throughout the United States of America.

8. Upon information and belief, TRANS UNION, LLC is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, TRANS UNION, LLC is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, TRANS UNION, LLC disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX") is a corporation incorporated under the laws of the State of Georgia who conducts business throughout the United States of America.

11. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, NATIONSTAR MORTGAGE, LLC is a nationwide mortgage servicing company and operates in every state within the United States of America, and serviced the mortgage issued to Plaintiff that forms the basis for the dispute at hand. The debt that NATIONSTAR MORTGAGE, LLC is reporting as past due in July, 2014 and with a balance of $17,268.00 was included in Plaintiff's previously discharged bankruptcy.

14. Upon information and belief, BAYVIEW LOAN SERVICING, LLC, is a nationwide mortgage servicing company and operates in every state within the United States, and serviced the mortgage issued to Plaintiff that forms the basis for the dispute at hand. The debt that BAYVIEW LOAN SERVICING, LLC is reporting as $180,323.00 past due in October, 2014 was included in Plaintiff's previously discharged bankruptcy.

15. In approximately August, 2014, Plaintiff became aware of the fact that NATIONSTAR MORTGAGE, LLC and BAYVIEW LOAN SERVICING, LLC were reporting derogatory credit information as referenced above to Experian, Trans Union and Equifax.

16. Plaintiff left voice mails with Bayview employee David White in an attempt to correct the erroneous credit reporting. Plaintiff left voice mails with Mr. White on September 15, 2014, September 16, 2014, September 17, 2014, and September 18, 2014. Mr. White never returned any of Plaintiff's calls, nor did any Bayview employee. On September 18, 2014, a customer service representative for Bayview named "Andria" requested that Plaintiff put his specific dispute in writing and requested that Plaintiff fax it to 305-631-5660. Plaintiff complied with

Bayview's request and faxed them a letter dated September 18, 2014 in which he provided them with all information necessary to investigate and correct their erroneous credit reporting. (See Exhibit A) Defendant Bayview completely ignored Plaintiff's correspondence and continues to report derogatory information to the credit reporting agencies.

17. Within the credit reports, all three credit reporting agencies (EXPERIAN, TRANS UNION AND EQUIFAX) reported that Plaintiff was delinquent and remains delinquent in his Nationstar Mortgage, LLC and Bayview Loan Servicing, LLC accounts.

18. Plaintiff took prompt action and wrote dispute letters to Experian, Trans Union and Equifax and provided all information necessary for them and their co-defendants to investigate and correct the errors on Plaintiff's credit reports. (See Exhibits B, C and D, attached hereto) Plaintiff disputed all of the above through Experian, Equifax and Trans Union who in turn notified NATIONSTAR and BAYVIEW of Plaintiff's dispute. As of the filing of this Complaint, NATIONSTAR and BAYVIEW have erroneously verified that Plaintiff is still responsible for the allegedly past due accounts at issue. (See Exhibits E, F and G, attached hereto)

19. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, no credit reporting agency evaluated or considered any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the furnishers representations. No employee from any credit reporting agency contacted Plaintiff to request any information that might have been necessary to evaluate Plaintiff's dispute.

20. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, no furnisher of information evaluated or considered and of Plaintiff's information, claims, or evidence and did not make any attempt to investigate Plaintiff's claims as

mandated by law. No employee from any furnisher of information contacted Plaintiff to request any information that might have been necessary to evaluate Plaintiff's dispute.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

21. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

23. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

25. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

27. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### FIRST CLAIM FOR RELIEF AGAINST TRANS UNION, LLC

29. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

30. As a result of this conduct, action and inaction of TRANS UNION, LLC, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

31. TRANS UNION'S conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST TRANS UNION, LLC

33. TRANS UNION violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and

6

verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

34. As a result of this conduct, action and inaction of TRANS UNION, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. TRANS UNION'S conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**FIRST CLAIM FOR RELIEF AGAINST EQUIFAX INFORMATION SERVICES, INC.**

37. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of EQUIFAX, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

39. EQUIFAX'S conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

40. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX INFORMATION SERVICES, LLC

41. EQUIFAX violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

42. As a result of this conduct, action and inaction of EQUIFAX, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

43. EQUIFAX'S conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

44. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST NATIONSTAR MORTGAGE, LLC

45. NATIONSTAR MORTGAGE, LLC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of NATIONSTAR MORTGAGE LLC'S representation; by failing to review all relevant information regarding same; by failing to accurately respond to each credit reporting agency; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the NATIONSTAR MORTGAGE LLC representations to the consumer reporting agencies.

46.     As a result of this conduct, action and inaction of NATIONSTAR MORTGAGE, LLC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

47.     NATIONSTAR MORTGAGE LLC'S conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

48.     The Plaintiff is entitled to recover costs and attorney's fees from NATIONSTAR MORTGAGE, LLC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## FIRST CLAIM FOR RELIEF AGAINST BAYVIEW LOAN SERVICING, LLC

49.     BAYVIEW LOAN SERVICING, LLC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of BAYVIEW LOAN SERVICING, LLC'S representation; by failing to review all relevant information regarding same; by failing to accurately respond to each credit reporting agency; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the BAYVIEW LOAN SERVICING, LLC representations to the consumer reporting agencies.

50.     As a result of this conduct, action and inaction of BAYVIEW LOAN SERVICING, LLC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from

credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

51. BAYVIEW LOAN SERVICING, LLC'S conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

52. The Plaintiff is entitled to recover costs and attorney's fees from BAYVIEW LOAN SERVICING, LLC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Dated: January 13, 2015                    Respectfully Submitted,

/s/ J. Dennis Card, Jr.
J. Dennis Card, Jr., Esq.
Florida Bar No.  0487473
E-mail: Dcard@consumerlaworg.com
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile: (305) 574-0132
Attorney for Plaintiff